**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARMELO ALGARIN, | ) | CASE NO. 1:24-CV-00645 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| FMA ALLIANCE, LTD., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

Before the Court is Defendant FMA Alliance, Ltd.'s Motion to Dismiss Plaintiff Carmelo Algarin's First Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 11). FMA claims that the Amended Complaint does not adequately plead that the debt at issue qualifies as a "consumer debt" or that FMA meets the definition of a "debt collector" under the FDCPA. (*Id.* at PageID #60–61). Plaintiff filed a response to FMA's Motion, maintaining that he pleaded sufficient facts to support his FDCPA claims. (ECF No. 12, PageID #73–76). For the reasons below, FMA's motion to dismiss is GRANTED.

I. **FACTUAL BACKGROUND**

The Complaint concerns a debt incurred by Plaintiff at some time before November 9, 2023. (ECF No. 1, PageID #1). The Complaint alleges that FMA "acquired" the debt. (*Id.*). Following some collection efforts by FMA, Plaintiff engaged counsel who sent FMA a Notice of Representation dated November 9, 2023. (ECF No. 1, PageID #2). Later, on January 26, 2024, FMA emailed Plaintiff directly in another effort to collect the debt. (ECF No. 11-2, Ex. A, PageID #68–69). This Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), is based on FMA's efforts to collect the purported debt from Plaintiff

directly when FMA knew or should have known that Plaintiff was represented by counsel. (ECF No. 1, PageID #2).

## II. PROCEDURAL BACKGROUND

In Plaintiff's first Complaint, Plaintiff alleged that he incurred a "debt" as defined in the FDCPA. (*Id.* at PageID #2). In an effort to establish FMA as a "debt collector," Plaintiff asserted that FMA regularly attempts to collect debts, that it acquires debts after they are in default, and that FMA uses instruments of interstate commerce for the collection of debts, which Plaintiff claims is FMA's principal business purpose. (*Id.* at PageID #1–2). According to Plaintiff, these facts qualify FMA as an FDCPA "debt collector." (*Id.* at PageID #2).

On June 20, 2024, Plaintiff filed an Amended Complaint, alleging more specific facts related to the Notice of Representation sent to FMA. (*Compare* ECF No. 1, PageID #2, *with* ECF No. 9, PageID #34–35). The claims for relief, however, remain the same: (i) FMA violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt; (ii) FMA violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to attempt to collect the debt; (iii) and FMA violated 15 USC § 1692c(a)(2) by communicating with Plaintiff after having notice of attorney representation. (ECF No. 9, PageID #35).

On July 5, 2024, FMA moved to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 11). FMA first attacks the Amended Complaint's plausibility by arguing that it fails to establish that the debt at issue is a "debt," and that FMA is itself a "debt collector" as defined in the FDCPA. (*Id.* at PageID #59–64). FMA also argues that the Complaint lacks allegations suggesting FMA's collection efforts were deceptive, misleading, unfair, or unconscionable. (*Id.*). Plaintiff responds that he has adequately established that the debt is a "consumer debt" and FMA is a "debt collector." (ECF No. 12, PageID #73–76). Plaintiff also

2

argues that he has alleged sufficient facts to support his allegations that FMA's collection efforts were deceptive, misleading, unfair, and unconscionable. (*Id.*).

### III.  LEGAL STANDARD

#### A. Rule 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must view the complaint in a light most favorable to the plaintiff and accept all well-pleaded material allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A Rule 12(b)(6) motion challenges the sufficiency of the complaint, which is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2). *Cox v. Bank of Am., N.A.*, No. 1:23-CV-1976, 2024 WL 3091056, at *2 (N.D. Ohio June 21, 2024) (quoting Rule 8(a)(2)'s mandate that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the standard is liberal, the complaint must include more than labels, conclusions, and a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, the complaint must provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Plausibility is not probability; plausibility "simply calls for enough facts to raise a reasonably expectation that discovery" will be fruitful. *Id.* at 556. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed."

3

*Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 683 (citation omitted) (applying the standard set forth in *Twombly*).

### B. The Fair Debt Collection Practices Act

Congress enacted the FDCPA to eliminate widespread abusive debt collection practices and ensure that those who avoid using such tactics are not competitively disadvantaged. 15 U.S.C. § 1692(e); *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). Relevant here, liability under the FDCPA "can only attach to those who meet the statutory definition of a 'debt collector.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *see Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014) ("The FDCPA regulates only the conduct of 'debt collectors[.]'"). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It is well settled that a FDCPA "debt collector" cannot include the party to whom the debt is due. *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007) (citing *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). Instead, a "debt collector" must be a third-party agent working to collect a debt on behalf of the debt's owner. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017).

### IV. DISCUSSION

#### A. Plaintiff has failed to sufficiently allege that FMA is a "debt collector" as defined by the FDCPA.

The Court's analysis begins and ends with Plaintiff's allegation that "Defendant acquired the Debt after it was in default." (ECF No. 9, PageID #33). Plaintiff's use of the term "acquired" to describe FMA's relationship with Plaintiff's debt is problematic because "acquiring" something

4

suggests ownership. *See Acquire*, *Oxford Eng. Dictionary* (3rd ed. 2024) (acquire means "to come to have or possess"); *Acquire*, *Cambridge Dictionary* (4th ed. 2021) (acquire means "to get or obtain something"); *Acquire*, *Black's Law Dictionary* (12th ed. 2024) (acquire means "to gain possession or control of"). The language used in the Amended Complaint itself therefore establishes that FMA is not a "debt collector" subject to the FDCPA. *See Henson*, 582 U.S. 79, 83 (2017) (explaining that purchasers of debts originated by someone else which seek to collect those debts for their own account are not FDCPA "debt collectors"). That the debt was in default when FMA purchased it is likewise unavailing to Plaintiff. In *Henson*, the Supreme Court rejected the notion that the purchaser of a debt in default could be a FDCPA "debt collector" because "under the definition at issue . . . you have to attempt to collect debts owned *another* before you can ever qualify as a debt collector." 582 U.S. at 87.

To the extent that the email attached to FMA's motion to dismiss includes a disclaimer that FMA is a debt collector and that the email seeks to collect a debt (ECF No. 11-2, PageID #69), this language does not make FMA a debt collector; usage of FDCPA disclaimers in collection letters does not, on its own, trigger the protections of the FDCPA. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 n.3 (7th Cir. 2010) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998)). Such disclosures likewise do not determine an entity's status under the FDCPA. *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431–32 (6th Cir. 2015) (finding that a boilerplate disclaimer saying that the communication "is from a debt collector attempting to collect a debt" was insufficient to transform an informational letter into a debt collection activity); *see Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 581 (7th Cir. 2019) (explaining that including FDCPA disclaimers on debt collection letters is insufficient evidence that the debt is a consumer debt

5

because collectors may be exercising caution and including disclaimers on all communications with debtors merely to avoid any FDCPA liability).

The inclusion of cautionary language in a communication does not transform FMA into a debt collector when it otherwise does not meet the definition under the statute.  Therefore, because Plaintiff failed to plausibly allege that FMA is a "debt collector" as defined by the FDCPA, he has failed to state a claim upon which relief can be granted.

### V.	CONCLUSION

Since Plaintiff's Amended Complaint does not plausibly allege that FMA is a "debt collector" under the FDCPA, the Court **GRANTS** FMA's motion to dismiss.  (ECF No. 11).

**IT IS SO ORDERED.**

**Dated: March 25, 2025**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**